Mr. Chief Justice Shaekey
delivered the opinion of the court.
Anderson filed this bill to set aside certain sales of land made under executions, because of inadequacy of price, and because as to part of the land he had but an equity under a bond for title, which was not the subject of sale under execution at law. The respondents were the purchasers, part of whom were also the judgment creditors, as well as the original vendors of part of the land.
It seems that Anderson, in the year 1836, with a view to speculation, purchased a large quantity of land from the New York and Mississippi Land Company, for which he contracted to pay $31,000, one third in cash, and the balance in two equal instalments. He made the cash payment and executed two writings obligatory for the remainder, on one of which suit was *639 brought, and under the judgment the lands were sold, the plaintiffs in execution becoming the purchasers at very low prices. But land to which Anderson had a legal title was also sold and mostly purchased by the judgment creditors. From the company he had received only a bond to make title on-payment of the purchase-money. The complainant avers that he was absent from the state at the time of sale, and had no knowledge of it.
The respondents demurred to the bill for multifariousness, and because it does not present a case which entitles the complainant to relief. There is but a single feature in the case which in any way gives countenance to the charge of multifariousness. There were three different sales, under as many different executions; one made by the sheriff of Chickasaw county; one by the sheriff of Monroe county, and as to the third it does not appear where it was made. The two first were made in 1843,, and the judgment creditors were the only purchasers. The last was made in 1844, at which Isaac Mayfield purchased one quarter section of land for fifty dollars, and Mayfield and Canniway purchased another quarter section at fifty dollars. This was not part of the land which had been purchased by Anderson of the land company, and as nothing is said about the title, we must suppose it was a legal one. The point of interest is certainly remote as between Mayfield and Canniway and the other defendants. It would seem that the sale to one might be set aside without interfering with the sale to the other. Mayfield and Canniway had no interest whatever in the sale made to the land company; nor does the circumstance that they both derived title under the same judgment make any difference. The judgment is not questioned. But there is a point in which a joint interest is concentrated. The land company were the judgment creditors, and entitled to the money paid by Mayfield and Can-niway. If the sale is rescinded, they must refund, and on that account they have such an interest in the sale made to Mayfield and Canniway as entitles them to insist upon its validity. It is true that if the sale should be rescinded, their lien may again attach on the land, but still they have a right to resist such a *640 consequence, if they think proper. If the land did not bring its value, it would seem to be to their interest that the sale should be set aside, and yet they have a right to insist on holding the fund which they have received for it. It is plain, then, that they are properly joined with Mayfield and Canniway as parties, as a decree to rescind would effect them both. We conclude, then, that the bill was not multifarious in consequence of the improper joinder of parties.
As to the allegation of inadequacy of price it is entirely naked. It is not coupled with a charge of fraud or combination. It is not urged as amounting to evidence of fraud. It does not seem to come fully within the rule which has usually been adopted by courts of chancery in setting aside sales for inadequacy of price. If the merits of the bill rested on this allegation alone, the demurrer for want of equity might reach it; but it does not. It seems that a large quantity of the land sold was held by Anderson under no other title than a bond from the vendors to make title on payment of the purchase-money, only one third of which had been paid. Pie held therefore but an equity which was not the subject of sale under an execution at law. This question is fully covered by the decision in the case of Goodwin v. Anderson et al. 5 S. & M. 730, to which it is sufficient to refer. We think the respondents should have answered the bill, and therefore affirm the decree, and remand the cause.